UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Samuel F. R.,<br><br>                Petitioner,<br><br>v.<br><br>David Easterwood, et al.,<br><br>                Respondents. | **ORDER GRANTING WRIT<br>OF HABEAS CORPUS**<br><br>Civil File No. 26-945 (MJD/DTS) |

Evan Grant Brown, Gloria Leticia Contreras Edin, Contreras Edin Law, Counsel for Petitioner.

Matthew Isihara, Assistant United States Attorney, Counsel for Respondents.

This matter is before the Court on Petitioner Samuel F. R.'s petition for writ of habeas corpus under 28 U.S.C. § 2241 filed on February 2, 2026. (Doc. 1.) ("Pet.") Petitioner seeks a writ of habeas corpus requiring, among other things, that Respondents immediately release him from custody.

1

I.  **FACTS**[1]

Petitioner Samuel F. R. is a 45-year-old citizen of Mexico who last entered the United States on or around 2008. (Pet. ¶ 43.) Petitioner entered without inspection and appears to be the subject of a final order of removal from 2008.[2] (Id. ¶¶ 40, 87.) Prior to his detention, Petitioner lived in Crystal, Minnesota with his American-citizen wife and three American-citizen children, who range in age from 19 to 28. (Id. ¶¶ 1, 2, 44.) On July 18, 2023, Petitioner submitted a Form I-918, application for Non-Immigrant U visa status based on his cooperation as a crime victim. (Id. ¶ 45.) On April 1, 2025, U.S. Citizenship and Immigration Services ("USCIS") determined that his application for U nonimmigrant status was bona fide and issued Petitioner employment authorization and deferred action valid through March 31, 2029. (Id.) His deferred action and employment

---

[1] "Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted." Paula G. v. Bondi, No. 26-CV-410 (JMB/DLM), 2026 WL 146003, at *1 n.2 (D. Minn. Jan. 20, 2026) (citation omitted).

2 The closest the Petition comes to stating outright that Petitioner is subject to a final order of removal is the following: "Although Petitioner may be the subject of a final order of removal entered in 2008, that order does not itself authorize Respondents to ignore USCIS's subsequent grant of deferred action." (Pet. ¶ 40.)

authorization are renewable. (Id. ¶ 38.) Neither Petitioner's deferred action status nor his employment authorization have been revoked by a federal agency. (Id. ¶ 45.) Petitioner's criminal history contains nothing that would subject him to mandatory detention. (Id. ¶ 48.) Despite this, on January 31, 2026, Petitioner was detained by Respondents in the parking lot of his apartment building. (Id. ¶¶ 1-2.) The agents who arrested Petitioner did not have a warrant. (Id. ¶ 46.) At the time his petition was filed, Petitioner was in the custody of Respondents at Fort Snelling. (Id. ¶ 14.)

## II.  DISCUSSION

A writ of habeas corpus may be granted to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). District courts have jurisdiction to hear habeas challenges to immigration-related detention. Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Aditya W. H. v. Trump, Civ. No. 25-1976 (KMM/JFD), 782 F. Supp. 3d 691, 702-03 (D. Minn. May 14, 2025) (collecting cases). The petitioner bears the burden to prove illegal detention by a preponderance of the evidence. See Aditya, 782 F. Supp. 3d at 703 (collecting cases).

Petitioner argues that he should never have been detained because he received a bona fide status determination on his U visa and work authorization. When deferred action status has been approved, "no action will thereafter be taken to proceed against an apparently deportable alien, even on grounds normally regarded as aggravated." Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 484 (1999) (quoting 6 C. Gordon, S. Mailman, & S. Yale–Loehr, Immigration Law and Procedure § 72.03 [2][h] (1998)). "[A]n ever-growing number of district courts across the country have concluded[ ] that an unrevoked grant of deferred action prevents removal." Marcos L. v. Noem, No. CV 26-CV-676 (MJD/SGE), 2026 WL 327953, at *2 (D. Minn. Feb. 3, 2026) (quoting Nevarez Jurado v. Freden, ––– F. Supp. 3d ––––, No. 25-cv-943 (LJV), 2025 WL 3687264, at *3-4 (W.D.N.Y. Dec. 19, 2025)) (citing cases) (alterations in original), R&R adopted sub nom. Marcos L. v. Easterwood, 2026 WL 331418 (D. Minn. Feb. 8, 2026).

Respondents do not argue that they reinstated Petitioner's 2008 order of removal. (See Doc. 5 (Resp. response to Pet.).) More importantly, Respondents do not assert that Petitioner's grant of deferred action was revoked at the time of

4

his arrest or that they have taken steps to formally revoke his deferred action status.  Accordingly, Petitioner is being detained despite an unrevoked grant of deferred action that has not expired, which is a violation of Petitioner's Fifth Amendment due process rights.  See Marcos L., 2026 WL 327953, at *3 (citing Nevarez Jurado, 2025 WL 3687264, at *10-12).

"In the context of deferred action recipients district courts have found both immediate release and a bond hearing to be appropriate remedies" for unconstitutional detention.  Id.  (quotation omitted).  By granting Petitioner deferred action, USCIS has already determined that he "merit[ed] a favorable exercise of discretion, [after] considering any risk to national security or public safety, as well as other relevant discretionary facts." U.S. Citizenship and Immigration Services Policy Manual, vol. 3, pt. C, ch. 5.B.  Accordingly, immediate release is appropriate here.

However, Respondents have filed an opposition memorandum, which the Court will briefly address.  Respondents submit that "the petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided."  (Doc. 5.)  Respondents note that "the issues" are on appeal to the

5

Eighth Circuit in <u>Avila v. Bondi</u>, No. 25-3248 (8th Cir. docketed Nov. 10, 2025) and that Respondents preserve all the arguments they raised in <u>Avila</u>. (<u>Id.</u>) The Court has seen this brief before, but notes that in this case, Petitioner did not file his petition "to secure a bond hearing in connection with [his] detention by the U.S. Immigration and Customs Enforcement," as Respondents assert in the opening line of their memorandum. (<u>Id.</u>)

More importantly, Respondents did not respond to Petitioner's arguments about deferred action, which means they have waived any challenge to these arguments. <u>Juan M. v. Bondi</u>, No. 26-CV-266 (ECT/JFD), 2026 WL 129059, at *2 (D. Minn. Jan. 17, 2026) (citing <u>Doe v. Mayorkas</u>, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (citing <u>Espey v. Nationstar Mortg., LLC</u>, No. 13-cv-2979 (ADM/JSM), 2014 WL 2818657, at *11 (D. Minn. June 19, 2014) (collecting cases))).

In an abundance of caution, and to the extent this brief is a poor attempt to assert that 8 U.S.C. § 1225(b)(2) governs in this case because Petitioner is actually "seeking admission" via his pending U visa application, something Respondents have argued in other cases, this argument has already been considered and

6

rejected as inconsistent with the statutory text, including by this Court. See, e.g., Emir S. v. Bondi, 26-cv-00347-ADM/EMB (D. Minn. Jan. 24, 2026) (concluding similarly-situated petitioner was not "seeking admission" under statutory definition—which references "entry" into the country—but was instead seeking "a lawful means of remaining in the United States"); Victor F.M. v. Bondi, 25-CV-4778 (ECT/SGE), 2026 WL 25968, at *2 (D. Minn. Jan. 5, 2026) (rejecting same argument and citing cases); Walter L. v. Bondi, No. 26-CV-607 (MJD/EMB), 2026 WL 266553, at *2 (D. Minn. Jan. 29, 2026) (same), R&R adopted, 2026 WL 269375 (D. Minn. Feb. 2, 2026).

Because Petitioner had been present in the country for approximately 15 years when he filed his U visa application, "§ 1226 governs." Mayamu K. v. Bondi, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *8 (D. Minn. Oct. 20, 2025). Under § 1226, a warrant is a prerequisite to detention. Although given the opportunity to provide "such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition" (Doc. 4), Respondents did not provide a warrant or any other supporting exhibits.

7

Accordingly, the Court finds that Petitioner has met his burden to prove that his detention violates the due process clause of the Fifth Amendment. See Aditya, 782 F. Supp. 3d at 703. Under these facts, Petitioner's immediate release is the only way to cure this constitutional violation.

### III.   ORDER

Based upon the files, records, and proceedings herein, and consistent with the foregoing, **IT IS HEREBY ORDERED**:

1. Petitioner's petition for writ of habeas corpus **[Doc. 1]** is **GRANTED as follows:**

    a. Respondents are ordered to **immediately** release Petitioner on his own recognizance and without conditions; and

    b. Respondents are ordered to **immediately** return all Petitioner's personal items that were taken from him when he was detained in substantially the same condition as when the items were taken, including his work permit, driver's license, and any other seized documents or property lawfully issued to him.

2. Within 48 hours of the date of the filing of this Order, Respondents are ordered to file a status update with the Court reporting on their compliance with this Order.

3. Any motion for attorney fees and costs pursuant to the Equal Access to Justice Act must be filed within 21 days of entry of judgment in this matter, along with a well-reasoned memorandum of authorities explaining why an award of fees and costs is warranted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 15, 2026                s/Michael J. Davis
                                         Michael J. Davis
                                         United States District Court

9